IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WILLIAM LEWIS REECE,           }
TDCJ-CID NO. 831080,           }
        Petitioner,           }
v.                             }           CIVIL ACTION NO. H-08-1783
                                    }
NATHANIEL QUARTERMAN,          }
        Respondent.           }

OPINION ON DISMISSAL

       Petitioner William Lewis Reece, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ('TDCJ-CID'), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his felony conviction for theft. (Docket Entry No.1). Respondent has filed a motion for summary judgment, seeking dismissal of the petition on grounds that some of petitioner's claims in his petition are unexhausted and procedurally barred and some have been waived by his voluntary plea or are without merit. (Docket Entry No.15). Petitioner has filed a response to the motion. (Docket Entries No.18, No.19, No.20). After considering all pleadings and the entire record, the Court will grant respondent's motion for summary judgment and dismiss this habeas petition.

I. BACKGROUND AND PROCEDURAL HISTORY

       Petitioner was indicted on January 10, 2001, by a Brazoria County, Texas grand jury of theft of property worth more than $20,000 and less than $100,000, in cause number 39,905. *Ex parte Reece*, Application No.51,823-03, page 2. At that time, he was serving a sixty year sentence in TDCJ-CID on an aggravated kidnapping conviction. (Docket Entry No.2).

Petitioner claims that on January 29, 2001, he was informed that Brazoria County had placed a detainer against him and issued a warrant for his arrest on the theft offense. (*Id.*). Petitioner also claims that in March, 2001, he notified the 23rd District Court of Brazoria County by letter that he was in TDCJ-CID and that he was ready to dispose of the charge, but no one responded to letter. (*Id.*). Petitioner further claims that in October or November, 2006, he again notified the state district court of his readiness to answer the theft charge. (*Id.*). Thereafter, in February, 2007, petitioner was informed that he was being bench warranted to Brazoria County to answer the theft charge in the 300th Judicial District Court. (*Id.*).

On February 9, 2007, Attorney Julie Ketterman ("Ketterman") was appointed as petitioner's counsel. (*Id.*). Petitioner maintains that he forwarded all of his legal materials to Ketterman; he further claims that Ketterman refused to return his phone calls and to visit with him and his sister. (*Id.*).

Petitioner maintains that while awaiting trial on the theft offense, Mr. Smithers, the father of a young girl who had been murdered, visited him in jail to discuss his plea. (*Id.*). Petitioner indicates that he had been considered a suspect in the murder but the FBI later dismissed him as a suspect ("the Smithers case"). (*Id.*).

Petitioner claims that on the day that he entered his plea, his trial counsel told him that Mr. and Mrs. Smithers would be present in the court room and would be sitting directly behind him and that they were there at the request of the district attorney. (*Id.*). Petitioner thereafter, entered a negotiated plea to the charge and the state district court sentenced him to three years confinement in TDCJ-CID. *Ex parte Reece*, Application No.51,823-03, page 3. Petitioner claims he entered the plea at the request of his trial counsel Ketterman, who "prior had made known to the applicant that this was for Laura Smithers and her family." (Docket Entry

2

No.2).  Petitioner stresses that the investigation of the Smithers murder had no connection to the theft charge.  (*Id.*).

Petitioner did not appeal the theft conviction but sought collateral relief by a state habeas application.  *Ex parte Reece*, Application No.51,823-03, pages 5-38.  In such application, petitioner complained that the state district court erred in denying his right to a speedy trial and that his trial counsel had rendered constitutionally ineffective assistance of counsel by failing to investigate a speedy trial defense and by attempting to assist the Smithers.  *Id.*, pages 9-10.  The state district court, sitting as a habeas court, recommended that relief be denied.  *Id.* at 71.  The state habeas court found that petitioner's claims were not cognizable by use of habeas corpus, his right to speedy trial was not violated, and his trial counsel was not ineffective in her representation of petitioner.  *Id.*  The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing.  *Id.* at inside cover.

In the pending federal action, petitioner seeks federal habeas relief on the following grounds:

1.     The state district court violated his right to due process and due course of law by allowing facts and circumstances of an unadjudicated offense into the convicting offense;

2.     He was denied the right to a speedy trial;

3.     He was denied the effective assistance of counsel because his trial counsel performed her duties based on her friendship with the Smithers, whose daughter was the victim of an offense unrelated to petitioner's theft offense; and,

4.     The prosecuting attorney, state district court, and petitioner's trial counsel violated his rights under the First Amendment by conspiring to deny him the lawful adjudication of the claims he raised in his state habeas application, including claims regarding violations of due process, due course of law, a speedy trial, and the effective assistance of counsel.

3

(Docket Entry No.1).

Respondent moves for summary judgment on grounds that petitioner's first and fourth claims are unexhausted and procedurally barred, his fourth claim is not cognizable under 42 U.S.C. § 2254, and petitioner waived his remaining claims when he entered a voluntary plea of guilty. (Docket Entry No.15). Alternatively, respondent maintains that petitioner has failed to meet his burden of proof under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that his claims fail on the merits. (*Id.*).

## II. STANDARD OF REVIEW

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Petitioner's federal habeas petition is subject to the provisions of the AEDPA, Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

4

Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000).  In this case, petitioner presented claims in a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order.  As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)).  Therefore, only those claims properly raised by petitioner in his state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) hold that this Court shall not grant relief unless the state court's adjudication:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).  Under this standard, a federal

court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413.  A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  To be unreasonable, the state decision must be more than merely incorrect.  *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).  A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.*  Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules.  *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts).  Therefore, section 2254 (e)(1), which mandates that findings of fact made by a

6

state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

## III. ANALYSIS

### A. State Habeas Violations

Petitioner claims that he was denied a fair adjudication of his claims by the state habeas courts because of a conspiracy among his trial counsel and Brazoria County officials. (Docket Entries No.1, No.2). Petitioner claims that Brazoria County Assistant District Attorney Jon Hall ("Hall"), Attorney Ketterman, and Brazoria County Deputy District Clerk Alice Norris submitted falsified affidavits to the state habeas court regarding their consideration of the Smithers murder investigation during the course of proceedings in the theft case. (*Id.*). Petitioner further claims that the state district court relied on such affidavits in denying him state habeas relief. (*Id.*).

Respondent moves for summary judgment on grounds that petitioner did not exhaust this claim in state court and that such claim is not a cognizable ground for federal habeas relief.  (Docket Entry No.15).

Petitioner informed the state habeas courts of his belief that the affidavits were falsified in his Objections to the State's Response to his state habeas application with respect to his speedy trial claim.  *Ex parte Reece*, Application No.51,823-03, pages 58-59.  He did not argue that the affidavits were part of conspiracy to deprive him of a fair adjudication of his claims because of some underlying prejudice toward him with respect to the Smithers investigation.  *Id.*  Regardless of whether petitioner exhausted such claim in state court, he is not entitled to federal habeas relief on such claim as a matter of law.  "[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). "An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.  *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Accordingly, petitioner's claim that he was denied a fair adjudication of his claims by the state habeas courts because of a conspiracy among the deputy district clerk, an assistant district attorney, and his trial counsel is not cognizable on federal habeas review, and is therefore, subject to dismissal.

### B. Consideration of Unadjudicated Offense

Petitioner contends that his trial was fundamentally unfair because the state district court permitted his trial counsel and the prosecutor to act with concern toward the

8

Smithers family and with prejudice against him throughout the entire trial proceedings.[1]  (Docket Entry No.2).  Respondent maintains that petitioner did not exhaust this claim in state court and that such claim is now procedurally barred from federal habeas review.  (Docket Entry No.15).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity.  *Coleman v. Thompson*, 501 U.S. 722 (1991).  Those statutes provide in pertinent part as follows:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

---

[1]  Petitioner notes that the prosecuting attorney attested during state habeas proceedings that he specifically remembered the case because of the seriousness of the out-of-county charges and his dealings with members of the public who took a particular interest in petitioner.  (*Id.*).  Petitioner states that the out-of-county charges were part of an on-going investigation by the FBI and the police departments of two other municipalities regarding the abduction and murder of a twelve-year female in 1997.  (*Id.*).  Petitioner claims that on the day that he entered his plea, his trial counsel told him that the Smithers would be present in the court room and would be sitting directly behind petitioner and that they were there at the request of the district attorney.  (*Id.*).

Petitioner also claims that his trial counsel told him that she had done this for the Smithers, although she denied the statement in her state habeas affidavit.  (*Id.*).  Petitioner claims that his trial counsel also produced a copy of the Harris County Medical Examiner's Officer Report in the Smithers case and other documents from the Friendswood Police Department, which showed that other people were being investigated for the same criminal offense.  (*Id.*).

9

28 U.S.C. § 2254 (b)–(c).   Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court.   *See Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).   A claim is exhausted when a habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).   The substance of a federal claim is deemed 'fairly presented' in state court for purposes of the exhaustion doctrine only if the petitioner relies upon identical facts and legal theories in both of the state court proceeding and the action for federal habeas relief.   *Picard v. Connor*, 404 U.S. 270, 275-75 (1971); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

Petitioner complained in his state habeas application that the state district court erred in denying his right to a speedy trial and that his trial counsel rendered ineffective assistance of counsel, in part, because of her feelings about his involvement in the Smithers murder investigation.   *Ex parte Reece*, Application No. 51,823-03, pages 9-10.   Petitioner, however, did not complain in his state application, as he does in the pending federal petition, that he was denied a fair trial because the state district court allowed facts and circumstances of the Smithers murder investigation to be considered at all stages of the trial proceedings.   (Docket Entry No. 2).

Petitioner contends in his response to the motion for summary judgment that he provided the state courts with the opportunity to make a decision on the salient factors of his claims as set forth in his Objections to the State's Response to his state habeas application.

(Docket Entry No.18).  Petitioner argued in the same that Ketterman and Hall admitted in their affidavits to knowing about and using the Smithers investigation against petitioner.  *Id*., page 61. Petitioner maintained that such attestations reflected a prejudice toward him with respect to his speedy trial claim.  *Id.*, pages 62-63.

Although petitioner may have alleged the same facts regarding Ketterman and Hall in one form or another in his state pleadings that he alleges in the pending petition, he did not present to the state habeas court a legal claim that his trial was fundamentally unfair because the state district court allowed the facts and circumstances of the Smithers investigation to be considered at all stages of the theft proceedings.  Therefore, petitioner did not exhaust such claim in state court before bringing it in the pending federal petition.

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed, allowing the petitioner to return to the state forum to present his unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982).  Respondent, however, contends such a result in this case would be futile because petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law.  (Docket Entry No.12).

On habeas review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate state ground.  *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996).  A procedural bar for federal habeas review also occurs if the court, to which a petitioner must present his claims to satisfy the exhaustion requirement, would now find the unexhausted claims procedurally barred.  *Coleman,* 501 U.S. at 735 n.1.

Texas prohibits successive writs challenging the same conviction except in narrow circumstances.  TEX. CODE CRIM. PROC. ANN. art. 11.07, §4(a) (Vernon 2005).  The Texas

Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas

application unless the application contains sufficient specific facts establishing the following:

> (1) the current claims and issues have not been and could not have been
> presented previously in an original application or in a previously
> considered application because the factual or legal basis for the claim
> was unavailable on the date the applicant filed the previous application;
> or

> (2) by a preponderance of the evidence, but for a violation of the United
> States Constitution no rational juror could have found the applicant
> guilty beyond a reasonable doubt.

*Id.*  The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and

strictly.  *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

Petitioner's federal habeas petition does not contain specific facts to establish the

due process claim in the pending habeas action could not have been raised in his state habeas

petition or that he is innocent.  Therefore, petitioner's unexhausted claim does not fit within the

exceptions to the successive writ statute and would be procedurally defaulted in state court.

*Coleman*, 501 U.S. at 735 n.1.  Such a bar precludes this Court from reviewing petitioner's claim

absent a showing of cause for the default and actual prejudice attributable to the default.  *Id.* at

750.

Petitioner has been given notice through respondent's motion for summary

judgment that the Court would consider a dismissal of claims under the procedural default

doctrine and has been given an opportunity to respond with any argument he may have opposing

dismissal in a response to the motion for summary judgment.  *See Magouirk v. Phillips*, 144 F.3d

348, 359 (5th Cir. 1998).  Petitioner, however, fails to address the default, the cause of the

default, or prejudice resulting from the default in his responses to the motion for summary

judgment.  (Docket Entries No.18, No.19, No.20).  Accordingly, the Court will dismiss as

procedurally barred petitioner's due process claim that the state district court denied him a fair trial by allowing the Smithers investigation to be considered at all stages of the theft proceedings.

<u>C. Ineffective Assistance of Counsel</u>

Petitioner contends that he was denied the right to reasonably effective assistance of counsel at trial. Petitioner claims that he gave trial counsel Ketterman all of his legal research and documentation with respect to the theft offense so that she could research and put forth a defense that the State violated his right to a speedy trial and a defense that the statute of limitations had expired, but Ketterman did not conduct her own investigation and did not pursue either defense. (Docket Entries No.1, No.2). Instead, petitioner claims that Ketterman relied upon the State's open file for her investigation; therefore, she was unaware of the full facts of the case. (Docket Entry No.2). Petitioner maintains that Ketterman did not fully investigate the case and pursue these defenses because of her friendship with the Smithers family and her belief that petitioner had indeed murdered Laura Smithers; therefore, Ketterman's only viable decision was to urge petitioner to take the State's plea offer. (*Id*.). Petitioner claims that after Ketterman urged such a plea several times, he entered a guilty plea.[2] (Docket Entry No.1). Petitioner claims that after he entered the plea, Ketterman told him that "she was doing this for the Smithers." (*Id*.). Petitioner claims that had Ketterman made her feelings and friendship with the Smithers family known before pre-trial interviews, he would not have entered a guilty plea. (Docket Entry No.2). Petitioner further alleges that Ketterman did not return his legal research and documents pertaining to his speedy trial defense. (*Id.*).

---

[2] Petitioner claims that "[t]he Assistant District Attorney was in direct contact and invited the Smithers to visit me in jail and ask me how I was going to plead." (Docket Entry No.1). Petitioner claims that all of his files were lost or destroyed, or have been hidden. (*Id*.).

Respondent maintains petitioner entered a voluntary guilty plea and therefore, has waived his speedy trial and ineffective assistance of counsel claims.  (Docket Entry No.15).

In his response, petitioner contends that he was coerced into making the plea by "outside sources and unconstitutional acts and omissions by court officials who step[ped] outside the bounds of their duties and the case in front of them to provide justice for victims in an unrelated case matter, or engage[d] in personal activities totally unrelated to his assigned duties." (Docket Entry No.18, page 12).  Petitioner indicates that he was not notified that he was to stand trial for theft charge and the unadjudicated offense in the Smithers case.  (*Id.*).  Petitioner further contends that Ketterman did not return his phone calls or his sister's phone calls and that he spoke with Ketterman only once before trial.  (Docket Entry No.19).

"To be valid, a guilty plea must be voluntary, knowing and intelligent.  *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007).  The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt."  *Matthew v. Johnson*, 201 F.3d 353, 364-65 (5th Cir. 2000).  The defendant must also have notice of the charges against him, understand the constitutional protections that he has waived, and have advice from competent counsel.  *Washington*, 480 F.3d at 315 (citation omitted).  Furthermore, the defendant must be competent, and the plea must "not be the product of "actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel."  *Matthew*, 201 F.3d at 365 (quoting *Brady v. United States*, 397 U.S. 742, 750 (1962)).

14

The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam).

Petitioner does not claim that he did not receive real notice of the true nature of the theft charge against him or that he did not understand the charge or constitutional protections that he waived. Petitioner claims that he was induced to enter a guilty plea by his trial counsel, who failed to investigate and prepare a defense and urged him to accept a plea offer because of her friendship with the Smithers family and her prejudice against him. (Docket Entries No.1, No.2, No.18).

A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the defendant] committed the crime charged against him." *Id.* at 570. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings below except claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)].

15

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also U.S. v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (holding "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction").

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972). Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment. *See Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992).

To establish a claim that trial counsel's defective assistance rendered a plea involuntary, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner's allegation that his attorney coerced him into pleading guilty rests on his contention that counsel did not investigate or prepare a defense because of friendship and concern for the Smithers family and her prejudice against him, therefore, he had no choice but to enter a guilty plea at her urging. (Docket Entry No.2).

The record reflects that petitioner, in writing and in open court, waived his right to a jury trial and entered a guilty plea. *Ex parte Reece*, Application No.51,823-03, page 4. He was

admonished by the state district court of the consequences of the plea, and the state district court determined that he was mentally competent and that the plea was free and voluntary. *Id.*

Ketterman attested by affidavit in state habeas proceedings that she communicated with petitioner on three separate occasions before he entered a plea and had three or four telephone conversations and two personal visits with his sister. *Ex parte Reece*, Application No.51,823-03, page 43. Ketterman attested that in none of these communications did petitioner or his sister discuss a speedy trial defense; Ketterman attested that petitioner's only concern was the statute of limitations issue. *Id.* After researching the issue, she informed petitioner that a limitation defense was not a viable defense in the case. *Id.* Ketterman further attested that petitioner's concern was that he receive no more than five years imprisonment to run concurrently with the sentence he was presently serving and that she obtained a three-year plea offer, which petitioner accepted. *Id.* Ketterman opined that she believed petitioner's plea was voluntary and knowing. *Id.*, page 44. She denied that she "in any way indicate[d] or impl[ied] to the defendant that I was acting on behalf of Laura Smithers or her family. This is a complete fabrication." *Id.*

The state district court, sitting as a habeas court, found that Ketterman was not ineffective in her representation of petitioner and that the allegations in the State's answer were correct. *Id.* page 71. One such allegation was that petitioner failed to show that but for counsel's errors he would not have pleaded guilty and would have insisted upon going to trial. *Id.* at 41-42.

The record does not show, and petitioner fails to present any evidence that would overcome the state habeas court's finding that petitioner would not have entered a guilty plea and insisted upon going to trial but for Ketterman's allegedly deficient performance. Based on this

17

record, the Court finds that petitioner has failed to show his entitlement to relief under the AEDPA standard with respect to his claim of an involuntary plea and his trial counsel's representation.  To the extent that petitioner claims that his trial counsel was constitutionally ineffective aside from petitioner's involuntary plea claim, *i.e.*, counsel failed to investigate and pursue a speedy trial defense and failed to maintain contact with petitioner, and that he was denied his right to a speedy trial, the Court finds that petitioner has waived such claims by his plea.  *See Glinsey*, 209 F.3d at 392.

Accordingly, respondent is entitled to summary judgment on petitioner's claims regarding the ineffectiveness of this trial counsel and the denial of his right to a speedy trial.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th

18

Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

V. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.15) is GRANTED.

2. Petitioner's petition for federal habeas relief is DENIED.

3. A certificate of appealability is DENIED.

4. This habeas action is DISMISSED with prejudice.

5. All other pending motions, if any, are DENIED.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 27th day of July, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE